**SUPREME COURT OF PENNSYLVANIA**
**JUVENILE COURT PROCEDURAL RULES COMMITTEE**

**ADOPTION REPORT**

**Adoption of Pa.R.J.C.P. 405**

On September 11, 2023, the Supreme Court adopted Pennsylvania Rule of Juvenile Court Procedure 405 governing the admission of a certified forensic lab report in lieu of the expert appearing and testifying in court. The Juvenile Court Procedural Rules Committee has prepared this Adoption Report describing the rulemaking process. An Adoption Report should not be confused with Comments to the rules. *See* Pa.R.J.A. 103, cmt. The statements contained herein are those of the Committee, not the Court.

The Committee was requested to consider a new Rule of Juvenile Court Procedure mirroring Pa.R.Crim.P. 574 (Forensic Laboratory Report; Certification In Lieu of Expert Testimony) governing the admission of a certified forensic lab report in lieu of the expert appearing and testifying in court. The reasons for rulemaking include increased consistency among the bodies of rules for prosecutors and defenders crossing over from criminal proceedings to delinquency proceedings. Also, responses to offers of stipulation are sometimes not received so having a formal mechanism would be beneficial. Further, experts seem increasingly busy, and a rule that operates to relieve the burden of appearing when reports are uncontested would allow the experts to focus on the proceedings where reports are contested and would reduce lab testing backlogs.

The Committee previously published proposed Pa.R.J.C.P. 405, which provided for "notice and demand" procedures nearly identical to Pa.R.Crim.P. 574. *See* 44 Pa.B. 3306 (June 7, 2014). The Committee ultimately discontinued rulemaking because the timeframes were not compatible with adjudicatory hearings for detained juveniles. *See* Pa.R.J.C.P. 404(A) (hearing to be held within 10 days of the petition's filing). Further, several commenters indicated that stipulations were a widely used and effective alternative to live expert witness testimony.

Given the prior comments, the Committee considered a rule largely modeled after Pa.R.Crim.P. 574 but that would exclude juveniles who were in pre-adjudication detention given the 10-day adjudicatory window for detained juveniles. The rate of pre-adjudication detention appears to be declining over time and most detentions now occur post-adjudication. Consequently, the "detention exclusion" would not erode the value of the rule. Additionally, the proposed rule would only be applicable in adjudicatory hearings pursuant to Pa.R.J.C.P. 406; it would not apply to probation revocation hearings.

The proposal was published for comment. *See* 52 Pa.B. 7266 (November 26, 2022). Two comments were received. The first commenter believed the proposed rule

was necessary because stipulations to admit laboratory reports are "not necessarily the norm."

The second commenter was the American Association for Laboratory Accreditation, which generally supported the rule. The Association recommended that the Comment not name specific certifying organizations because the certifying organization contained in the Comment no longer exists as named. Instead, the Association suggested referencing the forensic testing standard and the standard for the accrediting body. The Association provided information as to the specific standards. That suggestion was incorporated into the Comment.

This rule becomes effective January 1, 2024.